Eastern District of Kentucky
FILED

SEP 2 9 2007

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 06-111-DLB

DAVID E. HOPKINS                                                           PLAINTIFF

vs.                          **MEMORANDUM ORDER**

MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                     DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff David E. Hopkins brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. Plaintiff filed applications for period of disability, Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on January 18, 2005. (Tr. 55-56). Plaintiff alleges he became disabled on October 30, 2004, due to severe leg pain, nerve problems, back, left arm, and heart problems. (Tr. 68-72, 79, 83). His applications were denied initially and on reconsideration. (Tr. 35-38, 41-43, 87-90, 92-94). Hopkins requested an administrative hearing, which was held on October 19, 2005, in Prestonsburg, Kentucky. (Tr. 151-75). ALJ William H. Gitlow issued a written decision on February 17, 2006, finding that Hopkins was not disabled under Social Security standards and therefore not entitled to DIB or SSI payments. (Tr. 13-22).

ALJ Gitlow, in determining disability, conducted the required five-step analysis. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary*

of Health & Human Servs., 14 F.3d 1107, 1110 (6th Cir. 1994). At Step 1 of the present appeal, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to his applications. (Tr. 14, 20). At Step 2, the ALJ found only Hopkins' venous reflux disease of his legs to be a severe impairment within the meaning of the regulations. (Tr. 15, 21). As to Plaintiff's other complaints, he found Hopkins had failed to establish he had a nonsubstance induced anxiety and depressive disorder, and so had no medically determinable mental impairment, nor any medically determinable impairment due to back, left arm, or heart problems at Step 2. (Tr. 15). At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 15, 21).

At Step 4, ALJ Gitlow found that Plaintiff retained the residual functional capacity (RFC) to perform work at the light exertional level, due to his limitation of avoiding prolonged standing or walking, and must also avoid frequent or repetitive use of leg controls. (Tr. 21). Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was unable to return to his past relevant work as a general laborer in the coal mines (tr. 19, 21), and so he proceeded to the final step of the sequential evaluation.

At Step 5, the ALJ found that there were a significant number of jobs available to Hopkins in the national and regional economies, despite his limitations. (Tr. 20, 21). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Hopkins' age (36 and so a "younger" individual), education (ninth grade and so "limited"), past relevant work experience (ranging from unskilled to semi-skilled), and RFC. (Tr. 171-73). The VE testified that Hopkins had available to him employment at the light level as a night guard or inspector, and at the

sedentary level as a surveillance monitor or machine tender. (*Id.*). Since these were positions of significant number in both the regional and national economies, the ALJ concluded that Hopkins was not disabled under the Social Security Act. (Tr. 21). This decision by the ALJ became the final decision of the Commissioner when the Appeals Council denied review on May 5, 2006. (Tr. 4-6).

On June 1, 2006, Plaintiff commenced judicial review of the administrative decision by filing a Complaint with this Court. (Doc. #2). Following the Commissioner's filing of an Answer along with the administrative transcript (Doc. #7), Plaintiff moved for entry of a judgment pursuant to sentence four of 42 U.S.C. § 405(g) with remand to the Commissioner and to include attached medical report. (Doc. #8). Plaintiff then moved to dismiss his Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand and to Include Medical Report (Doc. #11), and contemporaneously filed a Motion for Entry of Judgment Under Sentence Six of 42 U.S.C. § 405(g) with Remand and to Include Medical Report (Doc. #12). The Commissioner thereafter responded to Plaintiff's request for judgment and remand (Doc. #14), to which the Plaintiff replied (Doc. #15). Plaintiff has also filed a second motion seeking this same relief. (Doc. #16). Plaintiff's motion for judgment and remand is ripe for review.

The Social Security Act authorizes two types of remand. Under sentence four, a court may issue a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the administrative decision. Under sentence six, a court may issue a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). The distinction between a sentence four remand

-3-

and a sentence six remand turns on whether the court is making a substantive ruling on the administrative decision under review. Under sentence four, a court will make a substantive ruling by affirming, reversing, or modifying the administrative decision. In contrast, a court remanding pursuant to sentence six does not in any fashion address the correctness of the administrative decision. *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991). Plaintiff's motion in the instant matter presents and relies upon new evidence, and so is correctly viewed as a motion under sentence six. Therefore, Plaintiff's request to dismiss his earlier-filed motion for remand under sentence four, which will be construed as a request to withdraw the prior motion, will be granted.

A pre-judgment sentence six remand reopens the administrative record in order for the Commissioner to consider new and material evidence that for good cause was not previously presented. *Hollon v. Comm'r of Social Security,* 447 F.3d 477, 483 (6th Cir. 2006). Before a district court may order a sentence six remand for the taking of additional evidence, it must be demonstrated that the evidence at issue is both new and material and that there was good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); *see also Cline v. Comm'r of Social Security,* 96 F.3d 146, 148 (6th Cir. 1996). Evidence is considered new "'only if it was not in existence or available to the claimant at the time of the administrative proceedings.'" *Hollon,* 447 F.3d at 484 (quoting *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001)). Evidence is deemed material if "'there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence.'" *Hollon,* 447 F.3d at 484 (quoting *Foster,* 279 F.3d at 357)(marks of alterations omitted). The party

seeking a sentence six remand bears the burden of demonstrating that the novelty, materiality, and excusable failure requirements are satisfied. *Hollon,* 447 F.3d at 487 (citing *Foster,* 279 F.3d at 357).

Plaintiff's memorandum in support of his motion for remand presents a Medical Statement Regarding Chronic Venous Insufficiency for Social Security Disability Claim dated June 9, 2006, and signed by Dr. J. M. Annabathula of Mud Creek Clinic. This report was not in existence on February 17, 2006, the date of ALJ Gitlow's decision, and thus is new evidence. *See Hollon,* 447 F.3d at 484. However, to satisfy the requirements of a sentence six remand, the evidence must be both new and material. *Cline,* 96 F.3d at 148. Materiality is defined as "'a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence.'" *Hollon,* 447 F.3d at 484 (quoting *Foster,* 279 F.3d at 357).

Plaintiff's motion offers no reasons for why ALJ Gitlow would have reached a different determination other than the conclusory statement that he would have decided in favor of disability based upon this report. Dr. Annabathula completed a prior capacities assessment dated October 18, 2005, which report is contained in the administrative record. (Tr. 141-45). ALJ Gitlow rejected Dr. Anabathula's limitations, giving detailed reasons in his written decision for doing so.

> On October 18, 2005, J.M. Annabathula opined the claimant can lift and/or carry up to 20 pounds at one time. He can lift and/or carry 10 pounds frequently and less than 10 occasionally. He can stand and/or walk for less than three hours in an eight-hour day and he can sit for less than three hours in an eight hour day. He can only occasionally climb and balance; he can never stoop, kneel, crawl or crouch. Nevertheless, the opinion is rejected and not afforded treating physician weight (SSR 96-2p). Dr. Annabathula's assessment is not supported by the doctor notes as the basis for this medical source statement that the claimant has pain standing/walking due

-5-

> to varicose veins. However, there is no explanation or support for the limitation to sitting for 3 hours per workday. Nor does a review of the treating notes elsewhere support such a significant degree of limitation. Treatment notes from Mud Creek Clinic consist of two office visits of May 2005 and July 2005. One could first argue with the weight to be accorded this "treating physician" assessment in light of the minimal number of visits involved. However, the real basis for not according significant weight to the assessment is based upon a review of the records themselves. In the first visit in May 2005 the claimant did not even mention his history of venous reflux disease of the left leg. He noted that he had some fatigue but otherwise the records reflect "with no other complaints" (Exhibit 9F). This is hardly one who is limited, let alone severely limited, by leg pain and other leg symptoms. Nor is the followup exam in July 2005 any more revealing. While the claimant mentioned in passing that he had had a history of left leg edema treated by Dr. Collins in January 2005, the record did not note any present complaint of symptoms. Clinical signs were absent, as under "objective" extremities were noted to be "No edema, cyanosis or clubbing" (Exhibit 9F). Not surprisingly there was no prescription for pain medication, no other prescription for the alleged condition and no advice on limitations or other treatment (Exhibit 9F). In short, while the claimant may well have varicose veins, nothing in the treatment records support the limitations in the medical source statement, and certainly nothing in the records support any basis for the significantly restricted lifting and sitting limitations set forth. I therefore reject Dr. Annabathula's assessment.

(Tr. 18-19).

This second assessment by Dr. Annabathula that Plaintiff presents with his motion contains limitations more restrictive than those previously rejected by the ALJ. Dr. Annabathula now opines that Plaintiff can stand for only 15 minutes at a time, for up to 1 hour per day; only occasionally walk; sit for up to 30 minutes at a time; and, most significantly, work for only a total of 2 hours per day. The report also comments that Plaintiff has evidence of peripheral arterial disease in his right lower extremity. But no documentation of any kind was offered to explain this comment by the doctor that Plaintiff evidences right leg peripheral arterial disease. As correctly noted by Defendant Commissioner, no later treatment notes were submitted in support of this second

-6-

assessment. The ALJ considered limitations based upon Plaintiff's varicose vein problems with his legs as documented in the medical records. He rejected Dr. Annabathula's original conclusions based upon his lack of clinical care, treatment, and findings as well as a lack of other medical evidence to support those conclusions. Plaintiff has offered nothing to suggest that this second assessment by Dr. Annabathula would be material to and given any different treatment or weight by the ALJ.

Therefore, because Plaintiff cannot demonstrate that the evidence is both new and material, the report is not a proper basis for remand under sentence six. *See Cline,* 96 F.3d at 148. Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Dismiss his Motion for Entry of Judgment Pursuant to Sentence Four (Doc. #11), construed as a Motion to Withdraw, is hereby **granted.**

(2) Plaintiff's Motion for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant to Include Medical Report (Doc. #8) is hereby **denied as withdrawn.**

(3) Plaintiff's Motion for Entry of Judgment Pursuant to Sentence Six of 42 U.S.C. § 405(g) with Remand to Defendant to Include Medical Report (Doc. #12) and Second Motion to Remand (Doc. #16) are hereby **denied.**

Judgment in favor of Defendant will be entered contemporaneously herewith.

Dated this 29th day of September, 2007.



**Signed By:**
*David L. Bunning*
**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-06-111-Hopkins.Order.wpd